# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 7, 2008

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

135226-28

CHARLES ROY POWELL, Personal
Representative of the Estate of Dottie Lou Powell,
Deceased, LINDA GARRETT, and DAVID
GARRETT,
   Plaintiffs-Appellees,

v

DOMINO'S PIZZA INTERNATIONAL, INC.,
   Defendant-Appellant.
_____

SC: 135226
COA: 279079
Washtenaw CC: 05-000747-NI

WILLIAM RUSSELL MILLER and KRIS ANN
MILLER,
   Plaintiffs-Appellees,

v

DOMINO'S PIZZA INTERNATIONAL, INC.,
   Defendant-Appellant.
_____

SC: 135227
COA: 279083
Washtenaw CC: 06-000751-NI

VICKI L. BENNETT and DAVID M. BENNETT,
   Plaintiffs-Appellees,

v

DOMINO'S PIZZA INTERNATIONAL, INC.,
   Defendant-Appellant.

_____/

SC: 135228
COA: 279084
Washtenaw CC: 07-000058-NI

   On order of the Court, the application for leave to appeal the October 2, 2007 orders of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should now be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

I would remand to the Court of Appeals for consideration as on leave granted whether the admission of the delivery driver's conviction of killing in the course of dangerous driving under the Bahamas Road Traffic Act is barred by MCL 257.731 or MRE 403. MCL 257.731 prohibits the admission in a subsequent civil action of evidence of a conviction under the Michigan Vehicle Code or a "local ordinance pertaining to the use of a motor vehicle." In light of this provision's purpose to mitigate the "danger that the civil jury might, if permitted, consider the criminal conviction as evidence of negligence in the civil action," *Elliott v AJ Smith Contracting Co, Inc*, 358 Mich 398, 413 (1960), the question whether "local ordinance" encompasses ordinances from other states or foreign countries is significant, in my judgment, and merits further review. Moreover, the question whether the probative value of a conviction of a *nonparty*, admitted against a defendant that was unable to contest it, as here, is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," MRE 403, is also significant and merits further review.

TAYLOR, C.J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 7, 2008

Clerk

t0304